**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JAMES McMEEKIN, administrator of the
Estate of Joseph McMeekin, a/k/a Thomas J.
McMeekin, a/k/a Thomas McMeekin, deceased

                                                                       **ORDER**
                Plaintiff,                      09-cv-3360 (ADS)(ARL)

        -against-


RAY GOELLER, BARBARA GOELLER,
HEIDI FERRARO, TOUCH OF CLASS
LIMOUSINE SERVICE OF EAST MEADOW,
ABC CORPORATION, SERGEANT JOHN
DOE, and JANE DOE,

                Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Mark S. Guralnick, P.C.**
*Attorneys for the Plaintiff*
Bloomfield Business Park
411 Bloomfield Drive, Suite 5
West Berlin, NJ 08091
       By:    Mark S. Guralnick, Esq., of Counsel

**Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP**
*Attorneys for the Defendants Ray Goeller and Barbara Goeller*
225 Broadway
13th Floor
New York, NY 10007-3088
       By:    Beth Shapiro, Esq.
               Sandra Bonder, Esq., of Counsel

**NO APPEARANCE:**

Heidi Gerraro
Touch of Class Limousine Service of East Meadow
ABC Corporation
Sergeant John Doe
Jane Doe

1

**SPATT, District Judge.**

On August 5, 2009, the Plaintiff commenced this action, stemming from a slip and fall that occurred on August 11, 2006 at premises allegedly owned by the Defendants Ray Goeller and Barbara Goeller. On September 11, 2009, the Defendants Barbara Goeller and Ray Goeller filed an answer to the Complaint. Thereafter, on May 14, 2010, the Plaintiff obtained a clerk's certificate, noting the default of the Defendant Heidi Ferriero. However, the Plaintiff never filed a motion for a default judgment as against Heidi Ferriero, or any other non-appearing defendant. On October 3, 2011, the Court issued an order, directing the Plaintiff to file a motion for a default judgment within ten days of the date of the Order. The Court warned the Plaintiff's counsel that failure to do so would result in a dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) ("Fed. R. Civ. P. 41(b)") for failure to prosecute. As of the date of the present Order, the Plaintiff has failed to file a motion for default judgment or take any other action in this case. On February 13, 2012, the Defendants Barbara Goeller and Ray Goeller filed a motion to dismiss for lack of prosecution.

Fed. R. Civ. P. 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) obligates a plaintiff to diligently prosecute her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Although not explicitly authorized by Rule 41(b), a district court has the inherent power to dismiss a case, *sua sponte*, for lack of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 138, 68 L. Ed. 2d 734 (1962); Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998). A court's authority to invoke this remedy is essential "because of the strong policy favoring prompt disposition of cases." Lyell Theatre Corp., 682 F.2d at 43. It is well established that "dismissal of an action is warranted when a

2

litigant . . . fails to comply with legitimate Court directives . . . ." Beeks v. Reilly, No. 07–CV–3865, 2009 WL 2568531, at *2 (E.D.N.Y. Aug. 19, 2009) (citations omitted).

In the Second Circuit, a dismissal under Rule 41(b) is determined in light of five, well-established factors, which a Court must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No single factor is generally dispositive. Id. Whether the basis for dismissal is a failure to prosecute or noncompliance with a court order, the analysis remains the same because a district court has the power under Rule 41(b) to treat noncompliance as a failure to prosecute. See Simmons v. Abruzzo, 49 F.3d 83, 87 (1995); Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) ("the factors involved in determining whether there has been an abuse of discretion in either context [—dismissal for failure to prosecute or dismissal for noncompliance—] are nearly identical").

It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing Link v. Wabash R.R. Co., 370 U.S. at 632). Although the Goeller Defendants' motion is unopposed, due to the fact that the relief sought is dismissal with prejudice, the Court will undertake an independent inquiry to determine whether the motion has merit. See Mahadi v. Johnson Controls, Inc., No. 02–CV–1256, 2003 WL 21244545, at *2 (E.D.N.Y. Apr. 25, 2003).

The Plaintiff has certainly evinced a clear lack of intent to diligently prosecute its case. The Plaintiff has not sought any discovery in this matter or responded to the Defendants'

3

discovery material served pursuant to Fed. R. Civ. P. 26(a)(1). In fact, the Plaintiff has failed to take any action whatsoever in this case since March 3, 2010. In addition, the Plaintiff has wholly ignored the Court's October 3, 2011 Order to serve a motion for default judgment as against the Defendant Heidi Ferriero.

First, there is no question that the Plaintiff's failure to prosecute this action and not comply with the Court's October 3, 2011 directive was solely the responsibility of the Plaintiff and that it caused a delay of significant duration. See Spencer, 139 F.3d at 113. Second, the October 3, 2011 Order undoubtedly put the Plaintiff on notice that failure to comply with the Court's directive would result in dismissal. Third, the extensive delay has caused prejudice to the Defendants, in that evidence in support of the Defendants' position may have been lost and discovery and trial have likely been made more difficult from this unreasonable delay. See Wubayeh v. City of New York, 320 F. App'x 60, 62 (2d Cir. 2009); Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1981)). Fourth, the Court's interest in managing it's docket outweighs the Plaintiff's opportunity to be heard, in light of the extensive delay in failing to prosecute this matter and the complete disregard for this Court's October 3, 2011 Order. Finally, the Court has adequately considered the efficacy of lesser sanctions, but finds that they are not appropriate in light of the circumstances of this case. Accordingly, all the factors in this case weigh in favor of dismissal.

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) is granted, and the Plaintiff's claims against the Defendants are dismissed in their entirety with prejudice, and it is further

      **ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
       March 27, 2012

                                                                             */s/ Arthur D. Spatt*
                                                                       ARTHUR D. SPATT
                                                              United States District Judge